■ PATRICIA MONROY, Appellant, v CITY OF NEW YORK et al., Respondents. [943 NYS2d 510]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered March 4, 2011, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs. Order, same court and Justice, entered May 31, 2011, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to the extent of declaring that 34 RCNY 4-08 (h) (8) applies to the sale of food, and otherwise affirmed, without costs.

In this action, plaintiff food truck vendor seeks declaratory and other relief in connection with defendants' enforcement against her of 34 RCNY 4-08 (h) (8) which provides that "[n]o peddler, vendor, hawker or huckster shall park a vehicle at a metered parking space for purposes of displaying, selling, storing or offering merchandise for sale from the vehicle." Plaintiff concedes that the term "merchandise" may include food but maintains that the term, as used in the regulation, does not apply to food. While certain city regulations, such as those relating to licensing, distinguish between "food vendors" (*see* Administrative Code of City of NY § 17-306 *et seq.*) and "general vendors" (*see* Administrative Code of City of NY § 20-452 *et seq.*), there is no reason for the Department of Transportation, in enacting its parking regulations, to distinguish between different classes of vendor.

Contrary to plaintiff's assertion, the regulation of metered parking is within the scope of the Department of Transportation's authority (*see* NY City Charter § 2093). Unlike in *Good Humor Corp. v City of New York* (290 NY 312 [1943]), upon which plaintiff relies, the regulation at issue here does not prohibit all street vending, it merely regulates the ability to vend from metered parking spaces.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Renwick, Richter and Abdus-Salaam, JJ.